```
RECEIPT # CC394
AMOUNT $ 151.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. LMK
DATE 11-29-04
```

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

CIVIL No:

JOHN T. COAKLEY,
PLAINTIFF

V

MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY,
DEFENDANT

COMPLAINT

04 12503 RGS

MAGISTRATE JUDGE _____

## PARTIES

1. The plaintiff, John T. Coakley, is an individual residing in Middlesex County, Massachusetts at the time of the incident.

2. The defendant, Massachusetts Bay Transportation Authority ("MBTA"), is an independent body politic authorized by the Commonwealth of Massachusetts having a principal place of business at Ten Park Plaza, Boston, Suffolk County, Massachusetts at the time of the incident.

3. The plaintiff, John T. Coakley, was 55 years old at the time of the incident.

4. The plaintiff, John T. Coakley, is and was employed as a bridgeman at the defendant, MBTA's, steel shop located in Charlestown, Suffolk County, Massachusetts.

5. The defendant, MBTA, has employed the plaintiff, John T. Coakley, since on or about November 1986.

## COUNT I

6. On or about April 30, 2002, the defendant, MBTA, distributed letters to five selected bridgemen who were younger than the plaintiff, John T. Coakley, advising him and or her that he and or she was selected to attend a bridge inspection certification training course to begin May 6, 2002; six ultimately attended.

7.  On or about April 30, 2002, the plaintiff, John T. Coakley, was neither informed nor given the opportunity to apply for the bridge inspection certification training course for May 6, 2002.

8.  The plaintiff, John T. Coakley, continually and at diverse times expressed to the defendant, MBTA, his interest to attend the bridge inspection certification training course when one was available.

9.  The plaintiff, John T. Coakley, was qualified and possessed the experience to apply for a position as an attendee for the bridge inspection certification training course.

10. The selected employees chosen by the defendant, MBTA, to attend the bridge inspection certification training course May 6, 2002 were younger than the plaintiff, John T. Coakley.

11. The selected employees chosen by the defendant, MBTA, to attend the bridge inspection certification training course May 6, 2002 were below the plaintiff, John T. Coakley, on the seniority list.

12. Prior to April 30, 2002 the defendant, MBTA, did not post notice for submission of applications to the upcoming May 6, 2003 bridge inspection certification training course for any of its employees including plaintiff, John T. Coakley.

13. Prior to April 30, 2002 the plaintiff, John T. Coakley, neither possessed knowledge of the upcoming May 6, 2003 bridge inspection certification training course nor was he given the opportunity to apply.

14. Since on or about September 2001 the defendant, MBTA, possessed knowledge of the May 6, 2002 bridge inspection certification training course.

15. On or about April 30, 2002, the defendant shared its knowledge of the May 6, 2002 bridge inspection certification training course with the selected employees and deliberately and intentionally withheld this information from the plaintiff, John T. Coakley.

16. On or about the week of May 6, 2002, the defendant, MBTA's, chief bridge inspector admitted to another employee that he selected the employees to attend the bridge inspection certification training course because each was going to be with the defendant, MBTA, a lot longer than the plaintiff, John T. Coakley.

17. On or about the week of May 6, 2002, the defendant, MBTA's, chief bridge inspector admitted to another employee that he selected the employees to attend the bridge inspection certification training course because each was a lot younger than the plaintiff, John T. Coakley.

18. On or about the week of May 6, 2002, the defendant, MBTA's, chief bridge inspector admitted to other employees that he selected the employees to attend the bridge inspection certification training course because each was young and going to be with the defendant, MBTA, for 30 years.

19. On or about the week of May 6, 2002, the defendant, MBTA's, chief bridge inspector admitted to other employees that plaintiff, John T. Coakley, had more seniority than the selected employees chosen to attend the bridge inspection certification training course, but he was too old.

20. The defendant, MBTA, deliberately and intentionally discriminated against the plaintiff, John T. Coakley, because of his age.

21. On or about December 1, 2003 the Equal Employment Opportunity Commission found that the defendant, MBTA's, actions were discriminatory and had therefore discriminated against the plaintiff, John T. Coakley, in violation of the Age Discrimination in Employment Act of 1967, as amended by 29 U.S.C. 621.

22. As a direct and proximate result of the defendant, MBTA's, discriminatory actions the plaintiff, John T. Coakley, was caused to suffer and continues to suffer in his workplace, was excluded to attend the bridge inspection certification course and was caused to be denied the appointment of bridge inspector all to his great damage.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

23. This is an action by the plaintiff, John T. Coakley, against the defendant, MBTA, for discrimination in violating the Age Discrimination in Employment Act of 1967, as amended by 29 U.S.C. 621.

### DEMAND FOR RELIEF

A. As to the First Cause of Action the plaintiff, John T. Coakley, demands judgment against the defendant, MBTA, in the amount of all his damages, together with interest and costs of this action, including attorney's fees and costs and any other equitable relief this Court deems appropriate.

( Each cause of action specifically incorporates by reference all of those paragraphs set forth above.)

## JURY CLAIM

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,
Plaintiff, John T. Coakley
by his attorney,

*[signature]*

PAUL R. ANTHONY
ANTHONY, BROOKS & CROWLEY, PA
BBO#: 630872
303 Main Street
Charlestown, MA 02129
617-242-0900

Dated: 11-29-04

# CIVIL COVER SHEET

04-12503 RGS

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

John T. Coakley

**(b)** County of Residence of First Listed Plaintiff: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Massachusetts Bay Transportation Authority ("MBTA")

County of Residence of First Listed: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Paul J. Anthony
303 Main Street, Charlestown, MA 02129
(617) 242-0900

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | ☐ 385 Property Damage Product Liability | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act / ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of the Age Discrimination in Employment Act of 1967 as amended by 29 U.S.C. 621

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 500,000.⁰⁰

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE                                                       DOCKET NUMBER

DATE: 11/29/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __John T. Coakley v. Massachusetts Bay Transportation Authority__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   04 12503 RCC

   ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _✓_ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES   (NO)

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES   (NO)

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES   NO

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES   (NO)

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   (YES)   NO

   A. If yes, in which division do all of the non-governmental parties reside?

      (Eastern Division)   Central Division   Western Division

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division   Central Division   Western Division

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES   (NO)

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Paul J. Anthony__
ADDRESS __303 Main Street, Charlestown, MA 02129__
TELEPHONE NO. __(617) 242-0900__

(Coversheetlocal.wpd - 10/17/02)