UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN T. COAKLEY,<br>  Plaintiff<br>v.<br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>  Defendant | C.A. No. 04-12503-RGS |

### ANSWER AND JURY DEMAND OF THE DEFENDANT, MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

Now comes the Defendant, Massachusetts Bay Transportation Authority ("MBTA"), and, in response to the allegations set forth in the Plaintiff's Complaint, answers as follows:

### PARTIES

1. The Defendant admits so much of Paragraph 1 as alleges that the Plaintiff is an individual and states that it has insufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth therein.

2. The Defendant admits so much of Paragraph 2 as alleges that the MBTA's principal place of business is located at Ten Park Plaza, Boston, Suffolk County, Massachusetts and denies the remaining allegations set forth therein. In further answering, the Defendant qualifies this denial by stating that the status of the MBTA is defined in M.G.L. c.161A.

3. The Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations set forth therein.

4. The Defendant admits so much of Paragraph 4 as alleges that the Plaintiff is employed as a bridgeman at the MBTA's steel shop located in Charlestown, Suffolk County, Massachusetts and states that it has insufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth therein.

5. Admits.

## **COUNT I**

6. Denies.

7. The Defendant denies so much of Paragraph 7 as alleges that the Plaintiff was not given the opportunity to express an interest in attending a bridge inspector training course and states that it has insufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth therein.

8. The Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations set forth therein.

9. The Defendant admits so much of Paragraph 9 as alleges that the Plaintiff possessed the qualifications and experience necessary to attend the bridge inspector training course and denies the remaining allegations set forth therein.

10. The Defendant admits so much of Paragraph 10 as alleges that the employees (five (5) bridgepersons) who attended the May 6, 2002 bridge inspector training course were younger than the Plaintiff and denies the remaining allegations set forth therein.

11. Denies.

12. The Defendant admits so much of Paragraph 12 as alleges that prior to April 30, 2002, it did not post notices of training courses, including the May 6, 2002 (not 2003) bridge inspector training course, for any of its employees (bridgepersons) and denies the remaining allegations set forth therein.

13. The Defendant denies so much of Paragraph 13 as alleges that prior to April 30, 2002, the Plaintiff was not given the opportunity to express an interest in attending training courses, including the May 6, 2002 (not 2003) bridge inspector training course, and states that it has insufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth therein.

14. Admits.

15. Denies.

16. Denies.

17. Denies.

18. Denies.

19. Denies.

20. Denies.

21. The Defendant admits so much of Paragraph 21 as alleges that on or about December 1, 2003, the Equal Employment Opportunity Commission ("EEOC") issued a determination with regard to the Plaintiff's administrative complaint against the MBTA and denies the remaining allegations set forth therein. In further answering, the Defendant states that the EEOC held no hearing and made no findings of adjudicatory facts relevant to said administrative complaint. Additionally, the Defendant states that it reserves its right to object to the admissibility of said determination at trial.

22. Denies.

23. The Defendant states that Paragraph 23 contains conclusions of law for which no response is required. In further answering, the Defendant states that to the extent that Paragraph 23 is construed to allege facts, same are denied.

A. The Defendant states that no response is required for Paragraph A and that to the extent that Paragraph A is construed to allege facts, same are denied.

### FIRST AFFIRMATIVE DEFENSE
(FAILURE TO STATE A CLAIM)

The Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(STATUTE OF LIMITATIONS)

This action is barred by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE
(ACTS OF THE PLAINTIFF)

Any injury or loss suffered by the Plaintiff was caused in whole or in part by his acts or his failure to act.

### FOURTH AFFIRMATIVE DEFENSE
(MITIGATION)

The Plaintiff has failed to mitigate his damages, if any.

### FIFTH AFFIRMATIVE DEFENSE
(FAILURE TO NAME INDISPENSABLE PARTY)

The Plaintiff has failed to name an indispensable party or indispensable parties.

### SIXTH AFFIRMATIVE DEFENSE
(PREEMPTION)

The Plaintiff is seeking an interpretation of certain sections of the applicable collective bargaining agreement.

WHEREFORE, the Defendant requests that the Plaintiff's Complaint be dismissed with prejudice; that this Honorable Court grant the Defendant the costs and reasonable attorney's fees incurred in defense of this action; and such other and further relief as this Honorable Court deems just and proper.

### JURY DEMAND

The Defendant demands a trial by jury on all counts and claims.

Respectfully submitted
For the Defendant
By its attorney,

_____
Todd M. Valicenti
BBO# 632800
Assistant General Counsel
MBTA Legal Dept.
Ten Park Plaza, Suite 7761
Boston, MA 02116
Tel: (617) 222-4579
E-mail: tvalicenti@mbta.com

Of Counsel: Kevin S. McDermott, Esq.
BBO# 544513

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 1/5/05
_____